IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOSEPH W. COVERT,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON, CHRISTINA ADAMS, WARDEN KIRKEGARD, WARDEN FLETCHER, MELISSA ATWOOD, UNKNOWN STAFF, CORRECTION OFFICER JOHN DOE, LT. THOMPSON, DEPUTY WARDEN SALMONSEN, DEPUTY WARDEN GODFREY,<br><br>Defendants. | CV 22-45-H-BMM-KLD<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On June 16, 2022, Plaintiff Joseph W. Covert filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) On June 27, 2022, this Court granted Covert's motion to proceed in forma pauperis. (Doc. 5.)

Mr. Covert generally alleges his Fourteenth Amendment right to Due Process was violated by Defendants in two separate ways. First, he claims Defendants unlawfully withheld an inheritance from him during a prior incarceration at Montana State Prison; he claims to have discovered the

1

wrongdoing in 2017. (Doc. 2 at 3-4.) He also alleges that Defendants denied him access to legal books for a 3-week period in 2019, during which time he was involved in divorce proceedings against his then-wife, Melissa Atwood, a.k.a. Melissa Covert. *Id*.

Because Mr. Covert's allegations fail to state a federal claim upon which relief may be granted, this matter should be dismissed.

## II. SCREENING STANDARD

Because Mr. Covert is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a

formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III.  SCREENING ANALYSIS

### i.  Denial of Property

Mr. Covert asserts that in April of 2012 his father died and he was purportedly left an inheritance. In October of 2017, while Mr. Covert was researching Pfizer Medical information, he allegedly discovered an inheritance had been left to him via a living will. *Id*. at 3. Apparently this money was never provided to Covert and he believes the Defendants embezzled the money. *Id*. at 4. Covert has provided no information which would tend to show the existence of this living will/inheritance, much less that any funds were ever provided to the Defendants.

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property (one carried out pursuant to established state procedures) is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. The Montana Tort Claims Act, Mont. Code Ann. §§ 2–9–101, et seq., provides an adequate post-deprivation remedy. *See*, e.g., Mont. Code Ann. § 2–9–101(1) (2021). Additionally, "the Due Process Clause is [ ] not implicated by a negligent act of an official causing unintended loss of or injury to...property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

At the outset, it appears this claim is untimely.[1] It matters not, however, because at most Mr. Covert has alleged an unauthorized intentional deprivation of

---

[1] The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

4

property by Defendants. Assuming the inheritance existed, whether the denial and withholding of funds was intentionally done or negligently done by Defendants, it is undisputed that it was unauthorized and as such unactionable in federal court. Mr. Covert's remedy lies with the adequate post-deprivation remedy provided by the Montana Tort Claims Act.

### ii. Denial of Legal Materials

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828; see also, *Madrid v. Gomez*, 190 F. 3d 990, 995 (9th Cir. 1999). The right of access to the courts is limited to the filing of non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Lewis*, 518 U.S. at 353 n. 3& 354-55; Madrid, 190 F. 3d at 995. Thus, prisoners have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." *Silva v. DiVittorio*, 658 F. 3d 1090, 1103 (9th Cir. 2011).

An inmate alleging a violation of access to the courts under the Fourteenth Amendment must demonstrate that he suffered actual injury. *Lewis*, 518 U.S. at 349-51. That is, the plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or cause him to lose, an actionable claim challenging the conditions of his confinement. *Id.* at 351.

To the extent that Mr. Covert is asserting Defendants interfered with his access to the courts, the claim fails as a matter of law. It is unclear exactly when this alleged deprivation occurred; Covert only indicates it was sometime in 2019. There is a chance the claim is also untimely. But Mr. Covert indicates he was attempting to locate materials to assist in his divorce proceedings. This action was not a direct or collateral attack on his sentence. See, *Lewis*, 518 U.S. at 351. Thus Mr. Covert does not state a federal claim.

Likewise, Mr. Covert cannot establish actual injury. The Court takes judicial notice of two other civil rights matters: *Covert v. Deer Lodge Jail et al.*, Cause No. CV-22-52-H-SEH, Comp. (filed June 30, 2022), and *Rosemary Covert v. Micu*, Cause No. CV-22-53-H-SEH, Comp. (filed June 20, 2022).[2] In both

---

[2] This Court may take judicial notice of orders and filings in other cases when directly related to the case at issue. See, *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).

matters reference is made to Rosemary Covert, not Melissa Atwood, being Covert's current wife. Accordingly, it appears Covert was able to ultimately obtain a divorce from Ms. Atwood. Thus, based upon the filing before the Court there is no indication that the temporary denial of legal materials in 2019 prevented Covert from proceeding with his divorce. Covert cannot demonstrate that the alleged shortcomings of the defendants hindered his efforts to pursue his claim. *Lewis*, 518 U.S. at 351. This claim should also be dismissed because it does not state a federal claim.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Covert has failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Covert may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of July, 2022.

>  */s/ Kathleen L. DeSoto*
> Kathleen L. DeSoto
> United States Magistrate Judge

---

[1] Mr. Covert is entitled to an additional three (3) days to file objections after the period would otherwise expire.